UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | | |
|---|---|---|
| ERIC DAVID HOFFERT, | ) | 2:06-CV-00201-PMP-GWF |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| JACKIE CRAWFORD, DIRECTOR, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Before the Court for consideration is Petitioner Eric David Hoffert's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, (Doc. #1) filed February 17, 2006. The petition has been fully briefed, and based upon the record before the Court and the arguments presented at the hearing conducted on January 3, 2008, the Court makes the following findings on the merits.

**Factual and Procedural Background**

On February 10, 2004, Petitioner was convicted pursuant to a plea entered under North Carolina v. Alford, 400 U.S. 25 (1970), of One Count of Attempted Sexual Assault of a Minor Under the Age of Sixteen Years, and Two Counts of Lewdness with a Child Under the Age of Fourteen Years. Petitioner was sentenced in the State district court to three concurrent terms of 48 to 120 months in the Nevada State prison, to run concurrently with a previous conviction sustained in the State of Arizona.

///

Petitioner filed no direct appeal, but on January 31, 2005, filed a Proper Person Post Conviction Petition for a Writ of Habeas Corpus in Nevada State district court. Following an evidentiary hearing, the State district court denied Hoffert's petition on May 18, 2005, and Petitioner appealed to the Nevada Supreme Court.  On December 6, 2005, the Nevada Supreme Court affirmed the State district court's denial of Petitioner Hoffert's State court petition for writ of habeas corpus.

On February 17, 2006, Petitioner filed the instant petition containing four claims alleging ineffective assistance of counsel pertaining to trial counsel's representation of Petitioner after he was transported to Nevada under the Interstate Agreement on Detainers, NRS 178.620, et seq.

## Ground 1

In Ground 1, Petitioner claims his trial counsel was ineffective for failing to file a motion to dismiss the Nevada charges based on the fact that the State of Nevada violated the Interstate Agreement on Detainers when the State of Nevada failed to accept temporary custody of the Petitioner in 1999.  Nevada authorities filed a detainer with the State of Arizona and Maricopa County, and an extradition request in 1999.  However, before the final Arizona extradition hearing, the Nevada authorities cancelled the detainer and extradition request.  As a result, Petitioner Hoffert was unable to waive extradition to Nevada and invoke Article III of the Interstate Agreement on Detainers in accord with NRS 178.620.

Petitioner Hoffert asserts that he sent a letter to the Nevada prosecutor after cancellation of the extradition request in 1999, and had his mother call demanding that the State of Nevada file another detainer.  In October 2000, the State of Nevada lodged a second detainer with the State of Arizona, at which time Petitioner invoked his Article III rights.  Petitioner Hoffert alleges that his trial counsel should have moved to dismiss the Nevada charges based on Nevada's fourteen month delay in relodging a detainer for his

1  extradition to Nevada.

2  However, as Respondent correctly maintains, the State of Nevada could not have

3  violated Petitioner's rights in 1999 of the Interstate Agreement on Detainers by canceling

4  their first detainer filed under Article IV because the Arizona extradition hearings were not

5  yet completed.  Moreover, no violation of the Interstate Agreement on Detainers could have

6  occurred because until the date of its cancellation by the State of Nevada in October 1999,

7  the detainer lodged with the Arizona pre-trial detention facility was invalid.  As noted in

8  Respondent's answer, the primary condition precedent to the operation of Interstate

9  Agreement on Detainers is the existence of the detainer lodged with the state correctional

10 institution concerning a convicted prisoner.  Petitioner was not a convicted prisoner in

11 October 1999.

12 As a result, Petitioner has failed to set forth facts supporting a claim of

13 ineffective assistance of trial counsel under Strickland v. Washington, 466 U.S. 668, (1984).

14 Indeed, Petitioner's trial counsel could not have been ineffective for failing to file a

15 meritless motion for dismissal.  Accordingly, Ground 1 of Petitioner's habeas corpus

16 petition must be rejected.

17 **Ground's 2, 3 and 4**

18 In Ground's 2, 3 and 4, Petitioner Hoffert alleges his trial counsel was ineffective

19 when he failed to file a motion to dismiss the Nevada charges based on the Interstate

20 Agreement on Detainers and speedy trial rights based on the facts alleged in Ground 1;  that

21 trial counsel was ineffective when he failed to object to a trial setting within 180 days of

22 November 29, 2000; and that his trial counsel was ineffective when he failed to file a

23 motion to dismiss based upon the failure of the State of Nevada to bring him to trial within

24 120 days of January 13, 2001.

25 As noted in Respondent's answer to Hoffert's petition for writ of habeas corpus

26 (Doc. #11), the Nevada Supreme Court properly disposed each of these claims in its order

1  of affirmance filed December 6, 2005.  Petitioner has failed to show entitlement for  relief

2  under <u>Strickland v. Washington</u>.  He has also failed to show that the Order of Affirmance

3  entered by the Nevada Supreme Court constituted an unreasonable application of clearly

4  established Federal law or that it was based on an unreasonable determination of the facts in

5  light of the evidence presented at the State court proceedings.

6        **IT IS THEREFORE ORDERED** that Petitioner Eric David Hoffert's Petition

7  for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, (Doc. #1) is DENIED.

8        **IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly.

9        **IT IS FURTHER ORDERED** that the Petitioner is DENIED a Certificate of

10  Appealability.

12  DATED:  January 23, 2008.

PHILIP M. PRO
United States District Judge

4